IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                        Plaintiff,

      v.

CHRISTOPHER C. BELL,

                        Defendant.

ORDER

09-cr-19-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In a report and recommendation entered on June 5, 2009, United States Magistrate Judge Stephen L. Crocker recommended denial of defendant Christopher C. Bell's motion to suppress testimonial and physical evidence obtained in connection with or after his arrest. Defendant has filed objections to the report and recommendation; most of the objections have been addressed by the magistrate judge and do not require any additional comment.

      The magistrate judge explained why the arrest of defendant was supported by adequate probable cause. First, the arresting officers believed that defendant had violated a traffic law by moving into an intersection from a stopped position after the traffic light had turned yellow; and second, they saw packages of a white substance resembling cocaine being dropped out of the car windows after the police car had activated its siren. Third, they knew

1

that defendant had been involved in a controlled buy of crack cocaine a month earlier. Defendant argues vigorously that nothing he did at the intersection violated any state of local traffic law, but the point is irrelevant. Whether he did or not, the conduct of the persons in his car (throwing bags of white substance out the window) combined with his prior criminal activity was sufficient to warrant the stop of his car and his arrest.

This conclusion is not undermined by the arresting officer's alleged lack of knowledge about the prior drug sale. It is not necessary for every officer at scene to know every piece of information; knowledge of any one officer is imputed to the others. United States v. Sawyer, 224 F.3d 675, 680 (7th Cir. 2000) (knowledge of other officers in communication at scene can be imputed to others, including arresting officer).

Both in his objections and in his brief in support of his motion, defendant argued that the officers acted in violation of the law announced in Arizona v. Gant, 129 S. Ct. 1710 (2009), when they searched defendant's car after arresting him and his passengers. The magistrate judge did not discuss Gant explicitly, but he noted that the evidence of the crack cocaine being flung out of the windows would support both the arrest and the subsequent search of the car. This conclusion conforms to the holding in Gant that a search incident to arrest is constitutional in the automobile context "when it is reasonable to believe that evidence of the offense of arrest might be found in the vehicle." Id. at 1714. Given the circumstances of defendant's arrest, it was definitely reasonable to believe that relevant

evidence would be found in the car he was driving. Thus, it was permissible for the officers to search it even though all of the occupants were secured and unable to gain access to the car.

ORDER

IT IS ORDERED that the magistrate judge's June 5, 2009 recommendation is ADOPTED and defendant Christopher C. Bell's motion to suppress evidence obtained as a result of his arrest on February 12, 2009 is DENIED.

Entered this 26th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3